[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13688
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-21254-CV-SH

MONICA SUSANA PAOLICELLI,
Individually, as Personal
Representative of the Estate of
Adolfo Jose Cueto, and as natural parent and
guardian of her minor child, Adolfo
Joel Cueto,
SABRINA LORENA CUETO,
Individually,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware Corporation,

Defendant-Appellee.

-------------------------------------

No. 06-13689
Non-Argument Calendar

-------------------------------------

D.C. Docket No. 02-23325-CV-SH

ALBERTO DANIEL BRANDALISE,
as a legal guardian of his underage
daughter Erica Natalin Brandalise,
MARIA CRISTINA CASTANEDA,
individually and as a legal guardian
of her underage daughter Erica Natalin
Brandalise,
JUAN CARLOS PEREZ,
individually and as legal guardian of his
underage daughter Fernanda Florencia Perez
and as the legal executor of the estate of
his wife Maria Elena Perez, deceased,
DANIEL DEMETRIO BUSTOS, individually,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

Defendant-Appellee.

-------------------------------------

No. 06-13690
Non-Argument Calendar

-------------------------------------

D.C. Docket No. 05-23302-CV-SH

2

ELSA NOEMI RODRIGUEZ DE BENSO,
individually and as the Personal Representative
of the Estate of her daughters Maria Gimena Benso
and Marcela Noemi Benso, deceased, and her husband
Mario Benso, deceased,
OLGA SUSANA RODRIGUEZ, individually,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

No. 06-13693
Non-Argument Calendar
_____

D. C. Docket No. 05-22080-CV-PCH

JOSE FRANCISCO UCROS BONILLA,
OBEDIS LEONOR PEREZ MARTINEZ,
individually and as Personal Representative
to the Estate of Maria Camila Perez Ucros and
as Legal Guardians of Maria Rosario Ucros Perez,
a minor,

Plaintiffs-Appellants,

versus

MICHELIN NORTH AMERICA, INC., et al.,

Defendants,

3

FORD MOTOR COMPANY, INC.,
a Delaware Corporation,

                                        Defendant-Appellee.

_____

No. 06-13750
Non-Argument Calendar
_____

D.C. Docket No. 02-21380-CV-SH

FRANCISCO JAVIER PACHECO,
as personal representative of Patricia
Pacheco, Individually and as legal
Guardian of Ramiro Pacheco who is the
legal heir of Rodrigo Bueno, deceased,
MARIA ALEJANDRA GOTTARDI,
as Personal Representative of the Estate
of Fernando Leon Olmedo, deceased,
ALDO ALBERTO PEREYRA,

                                        Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

                                        Defendant-Appellee,

BRIDGESTONE/FIRESTONE, INC.,
an Ohio Corporation,

                                        Defendant.

4

_____

No. 06-14029
Non-Argument Calendar
_____

D.C. Docket No. 06-20984-CV-PCH

ELISA LAURA SOSA,
individually and as personal representative
of the Estate of Francisco Javier Melo-Ruiz,
and as legal guardian of Huitzin Guidai Quillen Melo Sosa,
a minor; and as legal guardian of Citlalmiyollotl Melo Sosa,
a minor,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

No. 06-14598
Non-Argument Calendar
_____

D. C. Docket No. 03-20490-CV-SH

CECILIA MARIA COELLO MASSUH,
RAFAEL FARAH MASSUH VILLARRUEL,
as husband, natural parent and
guardian of his minor children,

5

Maria Cecilia Massuh Coello, a
minor, Rafael Andres Mussuh
Coello, a minor and Cristina
Maria Mussuh Coello, a minor,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

03-20491-CV-SH

LOURDES PAREDES ESPINOZA,
as Personal Representative of the Estate
of Carlota Ibelia Espinoza Guerrero,

Plaintiffs-Appellants,

versus

FORD MOTOR COMPANY,
a Delaware corporation,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(August 20, 2008)**

6

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Monica Paolicelli, Alberto Brandalise, Elsa de Benso, Francisco Pacheco, Elisa Sosa, Cecilia Massuh, and Jose Ucros Bonilla appeal the dismissal of their separate complaints of product liability against Ford Motor Company on the basis of forum non conveniens. The district court concluded that the more convenient forum for plaintiffs Paolicelli, Brandalise, Benso, Pacheco, and Sosa is in Argentina and the more convenient forum for plaintiffs Massuh and Bonilla is in Ecuador and Colombia, respectively. The complaints allege injuries and deaths that occurred in the three countries and the investigation of which were conducted by those local authorities; all the plaintiffs reside in the three countries; all the persons injured in the accidents were residents of  and were treated for their injuries in the three countries and the complaints are governed by the law of the three countries. Because the district court did not clearly abuse its discretion in the weighing of the private and public interests that pertain to these complaints, we affirm.

Paolicelli, Brandalise, Benso, Pacheco, Sosa, Massuh, and Bonilla or their relatives were involved in seven separate rollover accidents on different roadways in Argentina, Ecuador, and Colombia while they either drove or rode in

7

automotive vehicles manufactured by Ford. The plaintiffs allege that the injuries or deaths suffered during the accidents were caused by defects that caused the vehicles to lose control, roll over, and crash. The plaintiffs contend that all evidence related to the design, testing, and manufacture of the vehicles is in the United States.

Ford filed motions to dismiss the complaints based on the doctrine of forum non conveniens. The pleadings established that the vehicles were designed and assembled in the United States, all the plaintiffs are residents of the respective three countries, all the accidents described in the complaints occurred in and were investigated by authorities of the three countries, and all persons injured or killed in the accidents were residents of the three countries. The district court granted the motions to dismiss. The district court ruled that Argentina, Ecuador, and Colombia were adequate alternative forums and that the private and public interest factors weighed in favor of dismissal.

We review a dismissal based on forum non conveniens for clear abuse of discretion. Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1282 (11th Cir. 2001). "When a district court 'has considered all relevant public and private interest factors, and when its balancing of those factors is reasonable, its decision deserves substantial deference.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454

U.S. 235, 257, 102 S. Ct. 252, 266 (1981)).  The plaintiffs "do not challenge the adequacy of" the three forums, so we address only whether the district court reasonably balanced the interest factors.

The plaintiffs argue that the district court failed to give adequate deference to their chosen forum in Florida, but we disagree.  The plaintiffs argue that separate treaties  between Argentina and the United States, Ecuador and the United States, and Colombia and the United States entitle them to the "same deference" for their choice of forum that citizens of the United States would enjoy, and they argue that Ford's request for dismissal constitutes "reverse forum shop[ping]."  The problem with this argument is that the district court was bound by Supreme Court precedent that the plaintiff's choice of forum is entitled to "less deference" when the plaintiff is foreign.  Piper, 454 U.S. at 256, 102 S. Ct. at 266.  The plaintiffs also fail to identify any significant connection between their controversies and the Florida forum.

The record supports the conclusion of the district court that the other private interests, such as the location of the parties' evidence and the parties' respective access to relevant sources of proof, weigh heavily in favor of dismissal.  See Van Cauwenberghe v. Biard, 486 U.S. 517, 528, 108 S. Ct. 1945, 1953 (1988).  The plaintiffs argue that in the United States they have better access to design and

manufacturing evidence, yet they acknowledge that much of this information has already been compiled and made available by Ford. The sources of proof relevant to the accidents and potentially unwilling witnesses are located in the three countries where the plaintiffs are residents; the Ford Explorers were sold, serviced, and maintained; and the accidents were witnessed and investigated. Accident-specific evidence, such as witnesses and police and medical reports, relevant to both the damages incurred by the plaintiffs and the defenses available to Ford, is concentrated in the three countries. See Satz, 244 F.3d at 1284. Additionally, evidence related to the manufacturing and installation of tires placed on two of the vehicles is located in Ecuador and Colombia. The plaintiffs and foreign witnesses also face potentially inconvenient and expensive travel.

Three specific concerns voiced by the plantiffs about the respective alternative forums do not affect the balance of the private interest factors. First, although plaintiffs Paolicelli, Brandalise, Benso, Pacheco, and Sosa complain that the prohibition against contingent fee agreements in Argentina presents them "with a practical impediment," this factor is not dispositive. See Magnin v. Teledyne Cont'l Motors, 91 F.3d 1424, 1430 (11th Cir. 1996) (declining to give the prohibition against contingency fees "substantial weight in forum non conveniens analysis"). Second, plaintiff Massuh expresses concern with

10

inefficiencies in the Ecuadorian courts, but offers no evidence to establish that the deficiencies render that forum inadequate. See Leon v. Million Air, Inc., 251 F.3d 1305, 1312–13 (11th Cir. 2001) (rejecting plaintiffs' attack on the efficiency of Ecuadorian courts). Third, plaintiff Bonilla alleges that the political instability in Colombia poses safety risks for the parties, but absent evidence the political unrest has affected the Colombian judicial system or would affect litigation of this case, this fact is not sufficient to outweigh the other factors that weigh in favor of dismissal.

Other practical concerns related to the choice of forum convince us that the district court did not clearly abuse its discretion. Plaintiffs Paolicelli, Brandalise, Benso, Pacheco, and Sosa argue that it would be cumbersome to introduce deposition testimony in Argentina, yet they admitted in the district court that "[e]vidence developed abroad may be used in Argentina if obtained through letters rogatory or treaties between Argentina and the United States." Bonilla makes the same argument regarding the admission of depositions in Colombia, but the expert opinions offered by Bonilla and Ford establish that the testimony would be admissible either by mutual agreement or through authentication by the parties that is witnessed by a notary public or Colombian Consul. Ford has stated it will make its corporate personnel available for trial in the three countries. Although

11

the plaintiffs complain about the substantial expense faced for document translation, practicality dictates that the plaintiffs will not translate all of the corporate documents and will elicit much of their evidence through testimony. All parties would bear substantial costs for translation in either forum. The district court was mindful of the plaintiffs' burden and balanced it against the equivalent costs that the defendants faced to collect and either transport or memoralize accident-specific evidence and testimony from non-party witnesses to avoid unnecessary prejudice to the plaintiffs.

The district court also placed specific conditions on the dismissal. The district court provided that Ford would provide access to discovery gathered in its multidistrict litigation proceedings related to the design and manufacture of the products that are alleged to be defective. These conditions also protect the rights of the plaintiffs to pursue relief in the respective countries and guarantee that Ford will comply with judgments by their courts.

The record also establishes that public interests strongly support the dismissals. Although the United States has an interest in regulating domestic companies, Argentina, Ecuador, and Colombia have a greater interest in holding a manufacturer accountable if it produces and distributes a defective product that harms residents in those countries. See Satz, 244 F.3d at 1284 ("there is a local

12

interest in having localized controversies decided at home" (citing <u>Piper</u>, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6)).  Argentina, Ecuador, and Colombia have the most relevant contacts with the accidents and their courts are the best equipped to interpret and apply their laws.  <u>See</u> <u>Magnin</u>, 91 F.3d at 1430. Juries in the three countries, as opposed to jurors that live in the Southern District of Florida, have a greater interest in and connection to the accidents.  Familiarity with the topography and weather conditions and easy access to the separate accident sites would also aid the ultimate trier of fact.

The district court did not clearly abuse its discretion by concluding that the private and public interest factors weigh in favor of dismissal.

The dismissals of the plaintiffs' complaints based on forum non conveniens are **AFFIRMED**.